JON M. SANDS
Federal Public Defender
MARK T. RUMOLD #279060
Asst. Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700
mark_rumold@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,
Plaintiff,
vs.
Malik Antwon Williams,
Defendant.

No. CR-25-00534-PHX-SMB

**Objection to Presentence Report**

Malik Antwon Williams, through counsel, offers the following objections to the Draft Presentence Report, filed on June 25, 2026 (Dkt # 34). For the reasons explained below, Mr. Williams respectfully requests the Court sustain the objection.

**I. Mr. Williams is not a prohibited possessor, therefore the Base Offense Level is Incorrect.**

The Draft Presentence Report incorrectly alleges Mr. Williams is a prohibited person by virtue of his prior marijuana use. *See* PSR ¶ 25.

In *United States v. Hemani*, 608 U.S. ___ (2026), the Supreme Court held that it violated the Second Amendment to treat an individual as a prohibited possessor solely by virtue of habitual marijuana use.

Under *Hemani*, then, Mr. Williams cannot be treated as a prohibited possessor consistent with the Second Amendment—based solely on admitted regular marijuana use.

Accordingly, his base offense level should +12. *See* USSG § 2K2.1(a)(7).

**II. The PSR overstates the number of firearms involved in the offense.**

The Draft Presentence Report incorrectly applies an eight-level increase based on the number of firearms involved in the offense. *See* PSR ¶ 26. Because the number of firearms involved in the offense was between 25-99, Mr. Williams should only receive a six-level increase. *See* USSG § 2K2.1(b)(1).

"[W]hen a court determines the number of firearms involved in an offense under U.S.S.G. § 2K2.1(b)(1), it looks to the relevant conduct section of the guidelines . . . to determine how many firearms come within the same course of conduct or perhaps a common scheme or plan." *United States v. Parlor*, 2 F.4th 807, 812 (9th Cir. 2021).

The PSR arrives at the conclusion that 101 firearms were involved in the offense because Mr. Williams allegedly purchased 101 firearms between March 6, 2022 and March 7, 2025. Here, the offense Mr. Williams committed was making a False Statement During the Purchase of a Firearm—namely, straw purchasing for another person.

However all the firearms Mr. Williams purchased between March 6, 2022 and March 7, 2025 were not purchased for someone else. Some Mr. Williams purchased for himself. Some Mr. Williams purchased and later decided to lawfully sell.

For example, the following firearms were purchased by Mr. Williams and lawfully sold to another person:

- Glock 21 .45 caliber pistol, SN#AGKH401, *see* Ex 1 (Bill of sale) (filed under seal)
- Ruger 57 5.7, SN # 643-75065, *see* Ex 2 (Bill of sale) (filed under seal)

Other firearms purchased by Mr. Williams were also lawfully acquired and disposed of. For example, Mr. Williams purchased one pistol for his personal use, a Glock 23, .40 caliber pistol (SN CBVY789). That pistol was stolen from Mr. Williams' car, and he still retains the case for the firearm today. That firearm was not "involved" in the offense. Other firearms that Mr. Williams purchased for his own personal use were sold to pawn shops.

Overall, it is not the case that every firearm Mr. Williams purchased from 2022 to 2025 was "involved" in the offense. Because at least two of the 101 firearms purchased in the relevant time period were not "involved" in the offense, Mr. Williams should only receive a six-level increase for 25-99 firearms. *See* USSG §2K2.1(b)(1)(C).

**III. Correct Guideline Calculation**

Correctly calculated, Mr. Williams' sentencing guidelines are as follows:

| | |
|---|---|
| Base offense level: | +12 |
| Specific offense characteristics: | +6 |
| Acceptance of responsibility: | -3 |
| **Total Offense Level** | 15 |

**IV. Conclusion**

Mr. Gates respectfully requests the Court sustain the two objections to the Presentence Report.

Respectfully submitted: August 21, 2026.

JON M. SANDS
Federal Public Defender

*s/Mark Rumold*
MARK T. RUMOLD
Asst. Federal Public Defender