TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ANNA LINDROOTH
Assistant U.S. Attorney
South Dakota State Bar No. 5053
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Anna.Lindrooth@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Malik Antwon Williams,

Defendant.

No. CR-25-00534-PHX-SMB

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO PRESENTENCE REPORT**

The United States, through Assistant United States Attorney Anna Lindrooth, hereby submits its response to the Defendant's objections to the Draft Presentence Report (Doc. 39).

**I. Objection 1: The Defendant's Base Offense Level.**

The United States does not oppose the Defendant's first objection to the Draft Presentence Report (hereinafter Draft PSR) and agrees that the Defendant's base offense level should be 12. *See* U.S.S.G. § 2K2.1(a)(7).

**II. Objection 2: The Number of Firearms Involved in the Offense.**

The United States opposes the Defendant's second objection to the Draft PSR. The Draft PSR sets forth information that 101 firearms were involved in the offense. Draft PSR at ¶¶ 8, 19, 26. Accordingly, the Draft PSR applies an 8-level increase pursuant to U.S.S.G. § 2K2.1(b)(1)(D). In his objection, the Defendant argues between 25-99 firearms were involved in the offense. (Doc. 39 at p. 2–3). The Defendant states some of the firearms were stolen or sold to pawn shops, and some were sold to other individuals. The Defendant

cites two bills of sale to show that the number of firearms involved in the offense is 99 or less. The United States respectfully disagrees with the Defendant's request and asks this Court to overrule the objection.

Generally, factual findings underlying sentence enhancements must be supported by a preponderance of the evidence. United States v. Riley, 335 F.3d 919, 925 (9th Cir. 2003). Here, the Defendant's conduct involved a pattern over a period of approximately two years of straw purchasing, continuing even after ATF agents warned the Defendant that he needed to cease purchasing firearms on behalf of others. The Defendant's objection only points to two specific purchases that he claims were not on behalf of others; both of these firearms were a part of the Defendant's consistent pattern of straw-purchasing firearms. The Glock pistol described in Exhibit 1 was purchased by the Defendant on August 3, 2024, and the Ruger pistol described in Exhibit 2 was purchased on July 30, 2024.[1] Draft PSR at ¶ 19. The exhibits state the Defendant sold both pistols shortly afterwards, both on August 8, 2024. (Doc. 39-1; 39-2). All of this conduct occurred after the ATF warned the Defendant about his behavior. Aside from the two exhibits, the Defendant does not identify other specific firearms in his objection.

The United States requests the Court overrule the Defendant's objection and find by a preponderance of the evidence that 101 firearms were involved in the offense, rather than 99 firearms. The Defendant's consistent pattern of conduct, combined with the fact a very brief number of days passed between the purchase of each of these guns and the dates of the bills of sale, show that the two pistols were part of the Defendant's straw-purchasing scheme. Furthermore, the United States respectfully submits that each bill of sale is missing its second page and neither document contains the parties' signatures. Here, the existence of a bill of sale does not overcome the other facts which point to the Defendant straw-purchasing the two pistols. For all these reasons, the United States requests the Court

[1] The Defendant has not objected to these facts in the Draft PSR.

find the Draft PSR correctly applied the 8-level enhancement under U.S.S.G. § 2K2.1(b)(1)(D).

Respectfully submitted this 26th day of August, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Anna Lindrooth*
ANNA LINDROOTH
Assistant United States Attorney